**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60018
Summary Calendar

_____

OKWU DANIEL CHINWENDU,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 328 901
---------------------

Before GARZA, DEMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Okwu Daniel Chinwendu petitions for review of the Board of
Immigration Appeals's (BIA's) decision denying his request for
asylum.  We hold that the BIA's decision is supported by
substantial evidence.  See Lopez-Gomez v. Ashcroft, 263 F.3d 442,
444 (5th Cir. 2001).

    Chinwendu cites Ninth Circuit authority for the proposition
that the murder of his father constituted past persecution of
Chinwendu.  However, the Ninth Circuit has held that to be

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence of past persecution, violence against a family member must have created a pattern of persecution closely tied to the asylum applicant. See Salazar-Paucar v. INS, 281 F.3d 1069, 1075 (9th Cir.), amended by, 290 F.3d 964 (9th Cir. 2002); Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir. 1991). Chinwendu has shown no such nexus. We further hold that the BIA's determination that the threats made against Chinwendu, his inability to attend church in Kano, and his witnessing of the Kaduna massacre independently and cumulatively did not rise to the level of past persecution. Rather, the evidence supports the conclusion that (1) the threat by the parents of his Muslim students was not on account of his religious beliefs but rather on account of his decision to discuss religion in the classroom; (2) his confrontation with the Muslim youths was an isolated incident involving only shouting, which did not result in physical harm; (3) he was free to practice Christianity in his home state; and (4) neither the Nigerian nor the Kaduna Government sanctioned the Kaduna violence and both took efforts to quell any future ethno-religious disorder. See Eduard v. Ashcroft, 379 F.3d 182, 188 (5th Cir. 2004); Abdel-Masieh,73 F.3d 579, 583 (5th Cir. 1996); Adebisi v. INS, 952 F.2d 910, 913-14 (5th Cir. 1992).

Finally, the BIA's determination that it is reasonable for Chinwendu to relocate to the southern, predominantly Christian portion of Nigeria is supported by evidence that Nigerian states

with a clear Muslim or Christian majority generally explicitly favor the majority religion.  The southern portion of the country is predominantly Christian and many Christians living in the North have returned to their historic homelands in the Southeast, fearing further violence following the Kaduna massacre.  See Lopez-Gomez, 263 F.3d at 445.

PETITION DENIED.